IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION
CIVIL ACTION NO.: 9:11-CV-336-SB

| | |
|---|---|
| United Financial Casualty Company,<br><br>                      Plaintiff,<br>vs.<br><br>Pro Tow, LLC, Preston Ryan Oates, Zabdi Dhayman Olivera as Personal Representative of the Estate of Carlos Alberto Olivera,<br><br>                    Defendants. | **COMPLAINT**<br>(Non-Jury) |

      The Plaintiff seeks declaratory relief to determine the rights of the parties. Plaintiff, United Financial Casualty Company (United Financial), complaining of the Defendants above captioned, would respectfully allege and show as follows:

## JURISDICTION

      1.     United Financial is a corporation organized and existing pursuant to the laws of the state of Ohio with its principal place of business in Ohio that is authorized to sell insurance and does sell insurance in South Carolina.

      2.     Upon information and belief, Defendant Pro Tow, LLC is a limited liability company organized and existing pursuant to the laws of the state of South Carolina with its principal place of business in South Carolina that is authorized to do business in Beaufort County, South Carolina.

      3.     Upon information and belief, Defendant Preston Ryan Oates is a citizen and resident of Beaufort County, South Carolina.

4.    Upon information and belief, Defendant Zabdi Dhayman Olivera is the duly appointed personal representative of the Estate of Carlos Alberto Olivera and is a resident of Beaufort County, South Carolina.

5.    This action is brought pursuant to the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57, Fed. R. Civ. P.; there is a real and justiciable controversy between the parties, and by these proceedings United Financial asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

6.    The amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. § 1332(a)(1).

## FACTUAL ALLEGATIONS

7.    Plaintiff covers Defendant Pro Tow, LLC under a auto insurance policy, number 03355625-4, which was in effect from January 14, 2010 through January 14, 2011.

8.    Policy number 03355625-4 insured Defendant Pro Tow, LLC for certain risks under the insuring agreement, and excluded certain risks through policy exclusions. Plaintiff craves reference to this policy for all of the terms, conditions, and provisions therein and incorporates them by reference herein.

9.    The policy issued to Defendant Pro Tow, LLC by Plaintiff only covers damages which an insured is legally liable to pay that are caused by an "accident," which arises out of the "ownership, maintenance, or use of an insured auto" as those terms are defined by the policy.

10. The policy issued to Defendant Pro Tow, LLC by Plaintiff contains an exclusion that excludes from coverage "bodily injury" or "property damage" which is "either expected by or caused intentionally by or at the direction of any insured."

11. Upon information and belief, Defendant Oates is a principal in Defendant Pro Tow, LLC and qualifies as an insured under the policy issued by Plaintiff.

12. Upon information and belief, Defendant Oates was operating a tow truck in the area around the home of Nelson Olivera in Bluffton, South Carolina on December 24, 2010.

13. Upon information and belief, Carlos Olivera and his family drove to the home of Nelson Olivera on December 24, 2010 to deliver Christmas presents. Carlos Olivera parked his vehicle in the street in front of Nelson Olivera's house.

14. While Carlos Olivera and his family were inside the house, Oates pulled up in his tow truck and placed a disabling boot on Carlos Olivera's vehicle.

15. Upon information and belief, Carlos Olivera came outside with his family and asked Oates to remove the disabling boot.

16. Upon information and belief, an argument developed. While Oates was standing outside his tow truck in the street, he intentionally shot Carlos Olivera six times. Carlos Olivera died as a result of the wounds he received.

17. Upon information and belief, Defendant Oates has been arrested and charged with manslaughter and felony possession of a weapon during the commission of a violent crime in the shooting death of Carlos Olivera.

18. Upon information and belief, Oates was not in or using the tow truck when the shooting occurred. Olivera was walking away from Oates and toward his vehicle when he was shot and Oates was outside the tow truck when he fired the shots.

3

19. Upon information and belief, a claim has been or soon will be filed on behalf of the Estate of Carlos Olivera against Pro Tow, LLC and/or Oates seeking damages that the Defendants contend or will contend are coverage under automobile liability insurance policy issued by United Financial to Pro Tow, LLC.

## FOR A FIRST DECLARATION

20. Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 18 as if fully set forth herein verbatim.

21. The shooting of Olivera by Oates did not result from an accident or arise out of the ownership, maintenance, or use of the insured auto.

22. Therefore, Plaintiff is entitled to a declaration that the above-referenced policy does not provide liability coverage to Pro Tow, LLC or Oates for the shooting of Olivera by Oates.

## FOR A SECOND DECLARATION

23. Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 22 as if fully set forth herein verbatim.

24. The shooting of Olivera was done intentionally by Oates, an insured under the policy.

25. The intentional act exclusion precludes coverage for any amount of liability coverage in excess of the South Carolina statutory minimum limits of liability coverage.

26. Therefore, Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage in excess of the statutory minimum levels for liability coverage pursuant to the intentional act exclusion for the shooting death of Carlos Olivera.

**WHEREFORE**, Plaintiff requests that this honorable Court inquire into these matters and declare that the United Financial policy does not provide liability coverage to Pro Tow, LLC or Oates for the shooting of Olivera by Oates, and that United Financial has no duty to defend or indemnify Pro Tow, LLC or Oates in any suit brought on behalf of the Estate of Carlos Olivera or others arising out of the shooting of Olivera by Oates, or in the alternative, for a declaration that the policy does not provide any liability coverage in excess of the South Carolina statutory minimum limits of coverage, and for such other and further relief as the court may deem just and proper.

                                              MURPHY & GRANTLAND, P.A.

                                              s/J.R. Murphy
                                              J.R. Murphy, Esquire (Fed. I.D. #3119)
                                              Timothy J. Newton, Esquire (Fed. I.D. #9807)
                                              4406-B Forest Drive
                                              Post Office Box 6648
                                              Columbia, South Carolina 29260
                                              (803) 782-4100
                                              Attorneys for Plaintiff United Financial Casualty Company

Columbia, South Carolina
February 7, 2011